UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROL CALLAWAY,

    Plaintiff,

v.                                         Case No: 6:13-cv-1561-Orl-22TBS

MARTIN KITTLER,

    Defendant.

## REPORT AND RECOMMENDATIONS

Pending before the Court is Defendant's Limited Appearance for Filing Motion to Quash Service of Process and/or Motion to Dismiss for Insufficient Service of Process. (Doc. 4). Plaintiff has filed a response in opposition. (Doc. 12). For the reasons that follow, I respectfully recommend the Court GRANT Defendant's motion to quash and DENY Defendant's motion to dismiss.

### I. Background

Plaintiff's Complaint alleges that Defendant negligently operated a rental car and caused a collision which injured Plaintiff. (Doc. 2). Defendant is a resident of Leberec, in the Czech Republic. Plaintiff attempted to serve this lawsuit on Defendant by serving the Florida Secretary of State as Defendant's agent for service of process, in accordance with Florida Statute § 48.171. The statute provides for service on any nonresident of Florida who operates a vehicle in Florida by serving the Secretary of State. Defendant makes this limited appearance to seek to quash and/or dismiss this action for insufficient service. (Doc. 4). Defendant argues that because he is a resident of the Czech Republic, Plaintiff is required to serve him in accordance with the Hague Convention, which provides for

service through a central authority established to accept and review service of judicial documents.[1] (Doc. 4). Plaintiff does not oppose Defendant's motion to quash but she argues that the Court should deny the motion to dismiss. (Doc. 12). On October 22, 2013, Plaintiff filed a notice requesting the issuance of a summons, which the Court construed as a motion seeking leave to present a new summons to the Clerk for issuance. (Doc. 11). The motion was granted on October 24, 2013. (Doc. 13).

## II. Discussion

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). A party may seek dismissal under Rule 12 for insufficient service of process. Fed. R. Civ. P. 12(b)(5). But, the Court "has broad discretion to dismiss the action or to quash service but retain the case" when service of process is insufficient. Thermo-Cell Southeast, Inc. v. Technetic Indus., Inc., 605 F. Supp. 1122, 1124 (N.D. Ga. 1985) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354 (1969)). The party effecting service has the burden of establishing its

---

[1] The Hague Conference on Private International Law is a global inter-governmental organization. "Overview", www.hcch.net./index_en.php?act=text.display&tid=26. It includes 75 members, which consists of 74 states and the European Union. Id. Between 1951 and 2008, the Conference adopted 38 international conventions, one of which deals with Service of Process. See Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. Both the Czech Republic and the United States abide by this Convention. See www.hccc.net/upload/charts.htm (Overall chart of signatures and ratifications of the Hague Conventions). In the United States, the Convention is a ratified treaty, and thus, the supreme law of the land. See U.S. Const. Art. VI, cl. 2. Accordingly, to properly effect service on Defendant, Plaintiff must comply with the Convention.

The Convention's primary mode of service requires each participating country to assemble a Central Authority to monitor and ensure proper service. Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, Art. 2; EOI Corp. v. Med. Mktg. Ltd., 172 F.R.D. 133, 136 (D.N.J. 1997). The Czech Republic does not allow for service on individual residents. See EOI Corp., 172 F.R.D. at 141(noting that the Czech Republic objected to Article 10(a) of the Convention, stating that "judicial documents may not be served by another contracting State through postal channels . . . .").

validity. Familia de Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980).[2] "In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed. Rentz v. Swift Transp. Co., Inc., 185 F.R.D. 693, 696 (M.D. Ga. 1998). Florida law acknowledges that service on persons outside the United States may be required to conform to the provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Fla. Stat. 48.194(1). Plaintiff concedes that she has not obtained good service on Defendant. Accordingly, I recommend that the Court **GRANT** the motion to quash.

Under Florida Rule of Civil Procedure 1.070(j) and Federal Rule of Civil Procedure 4(m), a plaintiff has 120 days after she files her complaint within which to serve all defendants. By its terms, the 120 day limit in Rule 4(m) does not apply to service in a foreign county, and Federal Courts have interpreted this exception as granting leniency to plaintiffs attempting to serve foreign parties. See Health Sci. Distribs., Co. v. Usher-Sparks, No. 6:10-cv-1797-Orl-31KRS, 2012 WL 601148 at *3 (M.D. Fla. Jan. 20, 2012); Burda Media, Inc. v. Blumenberg, No. 97 CIV. 7167(RWS), 2004 WL 1110419 at *5 (S.D.N.Y. May 18, 2004) ("The foreign service exemption does not give plaintiffs an unlimited time to serve defendants, and courts have used a flexible due diligence standard to determine whether service of process was timely." (inner quotations and citations omitted)). Here, less than 120 days have passed since Plaintiff filed her complaint in Florida state court. She acknowledges that she must comply with the Hague Convention and is making efforts to do so. (See Doc. 11). Accordingly, I recommend the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Court **DENY** Defendant's motion to dismiss and permit Plaintiff to attempt to serve Defendant in accordance with the Hague Convention.

Specific written objections to this report and recommendations may be filed in accordance with 28 U.S.C. § 636 and M.D. Fla. R. 6.02 within fourteen (14) days after service of this report and recommendations. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on October 29, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record